UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| NATHAN S. CAVIN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:20-cv-00960-MTS |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

Before the Court is Petitioner Nathan S. Cavin's ("Cavin" or "Petitioner") Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, Doc. [4]. For the reasons stated below, the Court will deny Petitioner's Motion, and, since the files and records of this case conclusively show that Petitioner is not entitled to relief, the Court will not hold an evidentiary hearing.

**I.      Background**

On November 01, 2017, a grand jury in this District returned a superseding indictment that charged two counts against Cavin and additionally charged multiple other counts against several other codefendants. *See United States v. Nathan Cavin*, 4:17-cr-00361-MTS-5 (E.D. Mo.). The grand jury charged Cavin with conspiracy to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and punishable under 21 U.S.C § 841(b)(l)(A)(viii) (Count Two); and possession with the intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule

II controlled substance, in violation of 21 U.S.C. § 841(a)(1), and punishable under 21 U.S.C. § 841(b)(l)(B)(viii) (Count Nine).[1]  Crim. Doc. [33].

On April 25, 2019, Cavin, along with his attorney, appeared before the Court[2] for a change of plea hearing.  Crim. Doc. [371].  Pursuant to a Guilty Plea Agreement (the "Agreement"), in exchange for Cavin's voluntary plea of guilty to the lesser-included offense of conspiracy to distribute more than fifty grams of methamphetamine (Count Two), the United States agreed to dismiss Count Nine at the time of sentencing.  Crim. Doc. [372]; Crim. Doc. [417] at 15.  The Agreement provided that Cavin would not request a sentence below 100 months and that the United States would not request a sentence above the range provided in the United States Sentencing Commission Guidelines Manual.  Crim. Doc. [372] at 2; Crim. Doc. [417] at 16.

In the Agreement, Cavin acknowledged that the United States would be able to prove the following facts "beyond a reasonable doubt" if the case went to trial:

> In July 2017, the Drug Enforcement Administration ("DEA") identified the defendant, Nathan Cavin, as a source of supply for kilogram amounts of methamphetamine to co-defendant Dione Schwartz.  Cavin was buying kilograms of methamphetamine from Kansas City, Missouri.  Investigators identified co-defendant Christopher Loree as Cavin's source of supply for methamphetamine.
>
> On August 4, 2017, a lawful search warrant was executed at Cavin's residence, 937 Silverstone Drive, St. Charles, Missouri.  During the search, approximately 280 grams of methamphetamine, and $32,309 was recovered.  Cavin was read his *Miranda* rights, agreed to speak to investigators, and admitted ownership to all the methamphetamine and money found in his residence.  Cavin admitted for the past six to seven months he regularly purchased between one to five kilograms of methamphetamine per week.
>
> The methamphetamine seized from Cavin's house on August 4, 2017 was tested at the DEA North Central Laboratory and determined to be 236.7 grams with at

---

[1] The grand jury also charged Cavin with a forfeiture allegation as to specific property subject to forfeiture, including more than $50,000 in cash and miscellaneous firearms and ammunition.
[2] The Honorable Henry Edward Autrey, United States District Judge.

>least a 96 percent substance purity, resulting in 228 grams of pure methamphetamine.

Crim. Doc. [372] at 3–4. At his plea, Cavin admitted those facts were "true and correct" after the government read them aloud. Crim. Doc. [417] at 23; *accord id.* at 23–24.

Through the Agreement, Cavin waived "all rights to appeal all non-jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery, the guilty plea, the constitutionality of the statute(s) to which defendant is pleading guilty, and whether defendant's conduct falls within the scope of the statute(s)." Crim. Doc. [372] at 7. Cavin also agreed to waive "all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 18, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel." *Id.*; *accord* Crim. Doc. [417] at 19. The Court sentenced Cavin to 135 months imprisonment. Cavin did not file an appeal, but nearly one year after his sentencing, Cavin filed the instant Motion seeking post-conviction relief.

Cavin raises four grounds for relief. First, he maintains that his indictment "d[id] not charge an offense against the United States," which he says violated his Fifth and Sixth Amendment rights. Doc. [4] at 4. His second ground argues he received ineffective assistance of counsel because his attorney did not accept an offer Cavin claims the government's made for 120 months imprisonment. His third ground, like his first, challenges his indictment. He says that it did not charge him under the "Penalty Provision of Paragraph (B) of Title 21 USC 841, and 846." *Id.* at 7. Lastly, Cavin asserts that his "Guilty Pleas was not Properly Taken." *Id.* at

8. He argues that the "Court's plea colloquy was flawed" and that he "lacked the capacity to plead guilty." *Id.* at 23.[3]

## II. Discussion

    a. *Section 2255 Standard*

Section 2255 of Title 28 provides a "postconviction remedy for federal prisoners." *Jones v. Hendrix*, 143 S. Ct. 1857, 1863 (2023). "Section 2255 is an outgrowth of the historic habeas corpus powers of the federal courts as applied to the special case of federal prisoners." *Id.* at 1865. "Since 1948, Congress has provided that a federal prisoner who collaterally attacks his sentence ordinarily must proceed by a motion in the sentencing court under § 2255, rather than by a petition for a writ of habeas corpus under § 2241." *Id.* at 1863. In relevant part, § 2255 provides:

> (a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

A prisoner is entitled to an evidentiary hearing on a § 2255 motion unless the motion, files, and records of the case conclusively show that the prisoner is not entitled to relief. § 2255(b); *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995). The Court of Appeals for the Eighth Circuit has explained that a § 2255 petition "can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the

---

[3] Ground four is muddled at best. On the main pages of his Petition, Cavin describes ground four as follows verbatim: "Guilty Plea was not Properly Taken or accepted, due To Counsel being ineffective and advice from Counsel for not Taken the governments Plea Offer, which caused Counsel To Violate Petitioner 6th amendment Rights." Doc. [4] at 8. In his attached typewritten pages, he writes that "ISSUE THREE" is that "The Guilty Plea was Not Properly Taken or Accepted." *Id.* at 21. Upon full review of Cavin's filings, "ground four" and "issue three" appear to be advancing the same arguments. *See also* Doc. [13] at 18 n.7.

- 4 -

allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Engelen*, 68 F.3d at 240.

    b. *Grounds One and Three: Indictment Issues*

Petitioner's first and third grounds, involving his indictment, fail for multiple reasons. *First*, Cavin's plea agreement waived "all rights to contest [his] conviction or sentence in any post-conviction proceeding, including one pursuant to Title 18, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel." Crim. Doc. [372] at 7. *Second*, a challenge to the indictment "is not cognizable in a section 2255 action without a showing of exceptional circumstances," a showing that Petitioner has in no way made here. *See United States v. Shabazz*, 657 F.2d 189, 190 (8th Cir. 1981) (*per curiam*); *Houser v. United States*, 508 F.2d 509, 514–15 (8th Cir. 1974); *see also, e.g.*, *Doran v. United States*, 4:21-cv-01006-SNLJ, 2021 WL 6049916, at *4 n.1 (E.D. Mo. Dec. 21, 2021), *certificate of appealability denied*, 22-1090, 2022 WL 2135705 (8th Cir. Mar. 17, 2022), *cert. denied*, 143 S. Ct. 173 (2022). *Third*, even if exceptional circumstances existed here to make his claims cognizable in this § 2255 action, Cavin's indictment claims are procedurally defaulted because he did not raise them on appeal, and he has not shown cause and prejudice or actual innocence. *See United States v. Collier*, 585 F.3d 1093, 1097 (8th Cir. 2009) ("[Petitioner] did not raise the issue on direct appeal. Therefore, he may not obtain § 2255 relief unless he can show cause and prejudice excusing this procedural default. He has made no such showing." (internal citations omitted)). Grounds one and three are denied.

    c. *Ground Two: Ineffective Assistance of Counsel*

Petitioner's second ground argues that he had ineffective assistance of counsel. The ineffectiveness, Petitioner says, was counsel "not tak[ing] [the] government[']s offer of 120 months plea deal," which resulted in Cavin eventually receiving a sentence of 135 months. Doc.

[4] at 5. The Supreme Court has held that "[i]f a plea bargain has been offered, a defendant has the right to effective assistance of counsel in considering whether to accept it." *Lafler v. Cooper*, 566 U.S. 156, 168 (2012). But Cavin has not at all explained how his counsel failed to provide him effective assistance on whether to accept the offer. "Effective assistance requires the provision of reasonably informed advice on material issues." *Mayfield v. United States*, 955 F.3d 707, 711 (8th Cir. 2020); *see also, e.g.*, *Lafler*, 566 U.S. at 164 (attorney failed to counsel acceptance of a plea offer because of attorney's mistake regarding what the prosecution would have to prove at trial). Cavin does not explain how his counsel's advice was not reasonably informed on material issues. The mere fact that Cavin received a sentence longer than a plea offer he rejected does not, on its own, show he had ineffective assistance of counsel.

Petitioner's ineffective assistance claim fails for another reason: there was no 120-month offer from the government. Nothing in the record even suggests that the government made Cavin an offer of 120 months, and counsel for the government affirmatively represented "that the United States never offered a 120-month plea bargain." Doc. [13] at 15–16.[4] The government initially offered for Cavin to plead guilty as charged to Count Two of the indictment, which would have carried a 120-month mandatory *minimum* sentence. Crim. Doc. [417] at 20 ("The Government had previously offered that if [Cavin] was not deemed as a career offender that he would be offered to plead guilty as charged to Count 2."). Cavin's counsel successfully moved the Court to direct the United States Probation Office to conduct a pre-sentence investigation report prior to Cavin pleading guilty, which concluded Cavin was a career offender and that his Sentencing Guidelines range would be between 262 and 327 months imprisonment. Cavin's counsel then convinced the government to allow Cavin to plead to the lesser-included offense in

---

[4] Cavin did not file any Reply in Support of his Petition. Thus, he has not, in any way, contested the Government's assertion that it made no such offer. Nor has he explained why the record makes no mention of this offer.

Count Two, which would result in the lower Sentencing Guidelines range of 188 to 235 months. *Id.* ("[B]ecause [Cavin] was found" to be a career offender, the government "allowed for him to plead to the lesser included for the lower range"). In addition, the government agreed to allow counsel for Cavin to request a sentence of not less than 100 months. *Id.* Cavin's signed Guilty Plea Agreement, Crim. Doc. [372], reflects those agreements.

At Cavin's change of plea hearing, Cavin affirmatively answered the Court that he had signed the Guilty Plea Agreement, that he reviewed it in its entirety with his counsel before he signed, and that he understood everything in it. Crim. Doc. [417] at 14. Counsel for the government then described the provisions of the Guilty Plea Agreement. The government stated that "the terms and conditions in this plea offer are the only plea offers that the parties have agreed to as mentioned on page 12" of the Guilty Plea Agreement. *Id.* at 19–20; *id.* at 20 ("[T]his is the stipulation that the parties have agreed to and the first time we have agreed on all terms."). After the government summarized the Guilty Plea Agreement—and stated that it was the only one to which the parties agreed—the Court asked Cavin whether he heard "everything" that the government said. *Id.* at 20. Cavin answered that he did. *Id.* The Court then asked if "any of that [was] a surprise to [him]." *Id.* "No, sir," Cavin responded. *Id.*

Because the motion, files, and records of this case conclusively show that the government never made a 120-month plea offer to Cavin or his counsel, the Court will not hold a hearing in this matter. *See* 28 U.S.C. § 2255(b); *see also Calkins v. United States*, 795 F.3d 896, 898 (8th Cir. 2015) (noting that the "assertion that [the petitioner's] attorney provided ineffective assistance by failing to review evidence cannot be accepted as accurate because it is contradicted by the record" (internal quotations omitted)); *Anjulo-Lopez v. United States*, 541 F.3d 814, 817 (8th Cir. 2008) ("No hearing is required, however, where the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." (internal

quotations omitted)); *Smith v. United States*, 618 F.2d 507, 510 (8th Cir. 1980) (mere statement of unsupported conclusions will not suffice to command a hearing); *cf. Blackledge v. Allison*, 431 U.S. 63, 71 (1977) (explaining that there is "reason for concern" in "allow[ing] indiscriminate hearings in federal postconviction proceedings" following guilty pleas because it would "eliminate the chief virtues of the plea system," especially considering that "[m]ore often than not a prisoner has everything to gain and nothing to lose from filing a collateral attack upon his guilty plea"). His counsel could not have been ineffective for his failure to convince Cavin to take a plea offer that never existed.

    d. *Ground Four: Plea Colloquy*

Cavin's final ground is that his plea was not "properly taken or accepted." Doc. [4] at 21. Cavin asserts that the "flawed" colloquy resulted in the Court not ascertaining whether Cavin understood a litany of things—essentially the requirements listed in Federal Rule of Civil Procedure 11(b)(1). Doc. [4] at 22–23. Cavin failed to raise this issue on appeal, and he has not shown cause and prejudice excusing his procedural default. This ground, therefore, is waived. Nevertheless, the Court has reviewed the transcript of Cavin's plea hearing in full, Doc. [417], and concludes Cavin's assertions in this ground are patently false. For example, Cavin argues that the "Court did not ascertain that Petitioner understood" his "right to a jury trial." Doc. [4] at 22. But the Court did so.

> **The Court:** And do you understand that when you plead guilty today it means that you're giving up your right to a trial by jury?
>
> **Cavin:** Yes, sir.
>
> **The Court:** Do you understand that the Constitution and laws of this nation guarantees you the right to have your case decided by a jury of 12 impartial citizens?
>
> **Cavin:** Yes, sir.

> **The Court:** And did you talk to your lawyer about that?
>
> **Cavin:** Yes, I have.
>
> **The Court:** And as a result of that discussion have you now concluded that you do want to give up your right to a trial by jury and plead guilty here today?
>
> **Cavin:** Yes, sir.

Doc. [417] at 8–9.

The transcript of the hearing shows Cavin knew what he was doing. When the Court asked him what he "want[ed] to do about [his] case," Cavin answered that he was "ready to plead guilty." *Id.* at 6. After being informed of his rights personally in open court, Cavin acknowledged that he understood them all. *See, e.g.*, *id.* at 8–15. Cavin's "representations [made] during the plea-taking carry a strong presumption of verity and pose a formidable barrier in any subsequent collateral proceedings." *Thompson v. United States*, 872 F.3d 560, 566 (8th Cir. 2017) (quoting *Nguyen v. United States*, 114 F.3d 699, 703 (8th Cir. 1997)). Other than making the nonspecific characterization that the plea colloquy was "flawed," Cavin points to nothing that even suggests his guilty plea may not have been knowing and voluntary; consequently, he points to nothing to overcome the formidable barrier of his prior representations. Ground four fails.

<u>CONCLUSION</u>

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Nathan S. Cavin's Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, Doc. [4], is **DENIED**.

**IT IS FURTHER ORDERED** that the issuance of a certificate of appealability is **DENIED**. 28 U.S.C. § 2253(c)(2).

- 10 -

A separate Judgment will be entered herewith.

Dated this 19th day of September 2023.

                                            MATTHEW T. SCHELP
                                            UNITED STATES DISTRICT JUDGE